for 19-1966 United States v. Gregory Stephen Alright, Mr. Kravis, we'll hear from you first. Thank you so much, Your Honor, and good afternoon to all of you. Randy Kravis on behalf of the appellant, Gregory Stephen. I know we raised a few issues here in this appeal, but I thought in the interest of time, I would focus my that we raised, and that's the question of whether Vaughn Ellison, the brother-in-law of Mr. Stephen, who discovered the first device in the bathroom of Mr. Stephen's home and then subsequently viewed its contents, the question of whether he was a state actor or a de facto agent of the government, if you will. I don't think there's much question that the taking of the device from Mr. Stephen's home qualifies as a seizure or that the subsequent decision to view its context qualifies as a search. He obviously didn't have a warrant, but as we also know, the Fourth Amendment only applies to governmental actors. Mr. Ellison is not police. He was not law enforcement. The question here is, even though Mr. Ellison is a private citizen, was he acting as a de facto agent of the government? It's important because everything else flows from that initial event. All the evidence that was discovered afterwards, all the investigation that followed all started with that. Case law from both the Supreme Court and this court have identified three cheap factors to help determine whether a private citizen is acting as a state actor. One is whether the government had knowledge of and acquiesced in the conduct of the private citizen. Two, whether the citizen intended to assist law enforcement. Three, which is similar to the first one, whether the citizen acted at the government's request. I will concede, Your Honors, as we did in our briefs, that the first and the third factor militate against us. Admittedly, there is no evidence in the record that Mr. Ellison was acting on behalf of law enforcement, that he was asked to do any of this, or that law enforcement even was aware of that. What I think is important for this case, to keep in mind, Your Honors, and this is probably the key point I wanted to emphasize, is just because these two factors, government acting at the behest of the government or with the government's knowledge, just because those two factors are missing, that doesn't automatically mean that the private citizen was not acting as a government agent. The test is a totality of the circumstances, one. I think it's the same for Kate. Artie, do you have any authority where a citizen just on his own initiative decided to help law enforcement by gathering evidence of a crime and turned it over and was considered to have conducted a government search? Sure. I'm not aware of ... Well, there are cases that we can distinguish from, but I don't have a specific case where the factual pattern is just like this. Skinner, the United States Supreme Court case, does say, and I quote, the fact that the government has not compelled a private party to perform a search does not by itself establish that the search is a private one. That's a statement about compulsion. What you're asking us to say is that if a citizen, unbeknownst to the government, decides that he wants to gather evidence of what he thinks might be a crime and turns it over, that that counts as a government search. Yeah, sorry, Your Honor. I think you should address whether that's why that should be the rule. That is pretty much what we're asking. You're right. If a private citizen has not been asked by the government or even without the government's knowledge, can he qualify as a state actor? I think that's sort of rephrasing your question. Our argument is yes, because it is a totality of the circumstance inquiry. The second factor, Your Honor, which is the intent of the private actor, the question is, I think in this case outweighs the fact that this wasn't done at the government's direction or with their knowledge. There's a few important point, factual points I'd like to emphasize that go to that second factor, that go to the question of what was Mr. Ellison's intent. For one thing, I think what the record shows is Mr. Ellison was certainly suspicious that criminal activity was afoot in the form of a legal recording of people without their knowledge. For one thing, Mr. Ellison recognized the device for what it was, which was a recording device sort of disguised to look like a charger. It was in the bathroom, which in itself is somewhat suspicious. Importantly, and I think this is a very important fact, Your Honors, and I don't know if the record says when, but at some point before this event, Mr. Ellison had seen nude photos of boys in possession of Mr. Stevens. To sort of put it colloquially, Mr. Ellison's antenna was up. His suspicious antenna was up. This was not a situation where, and I guess I'll be a little tongue-in-cheek here, where Ellison took Mr. Stevens' baseball card collection and was looking to see what players he had in the collection. He took what he suspected may contain evidence of criminal activity, and this is another important point, Your Honors. Ellison testified that at the time of the seizure, if he ended up finding evidence of wrongdoing on the device, he was going to turn it over to the police. Then the last sort of factual point I'll make, and I know I've got a minute and a half before I, so I can reserve my rebuttal time, is that unlike some of the other cases, Highball, where the woman turned over the device because she thought there might have been photos of her own daughter on there, where she had a personal stake in this, there was no evidence that Mr. Ellison had any personal stake. I think what the record shows is he was acting out of civic duty, which is akin to a law enforcement purpose. Just to make my last point, Your Honor, and I'll go back to the one you made, can a private citizen qualify as a state actor if the police are not actually involved in the search or seizure? My argument is yes, if his intent clearly shows to assist law enforcement. Counsel, in that regard, I believe the district court found that he took it out of curiosity, so wouldn't that be a factual finding? Sure, Your Honor, yes, it is, but I guess the question is, and I think he did say, Mr. Ellison did testify, I was curious, but here's the question about that. Curious about what? Again, was he curious, and I use the baseball card collection as an example, was he curious about Mr. Ellison's baseball card collection, or was he curious about what he suspected was a nefarious looking device in an unusual place knowing that he had already seen Mr. Stephen in possession of nude photos? When we use the word curious, I think that that curiosity is directly tied to suspicion. He's curious about what illegal activity might be going on here, and so that's why I think even curiosity ties it into a law enforcement purpose, Your Honor. Didn't Mr. Ellison, though, also testify that he was concerned about the well-being of some young person who was staying with the defendant, and maybe even his own child, I thought there was some concern about that. That's a good question, Your Honor. When he first seized the device, so he seizes it on a Thursday, he comes back the next day on Friday, and to your point, Your Honor, he sees a boy sleeping over, and that fueled his suspicions even more, so whatever sort of criminal law enforcement motive he might have had at the time of the seizure, that was fueled even more before the actual search of the device, because he saw that boy. He does mention his son, but he wasn't actually concerned about his son. I don't think there's any evidence that he actually believed his son's photos were on the device. He meant it more like, I would hate it if somebody like my son was on there. This is civic duty, is what it really smacks of, Your Honor. I guess I'm about out of time, so unless the court has any other questions, I will stop. Very well. Thank you for your argument. Mr. Crickbaum, we'll hear from you. Thank you, Your Honor, and may it please the court. When Mr. Ellison performed a seizure and a search that no one in the government even knew about, he was not acting as a government agent. Now, the argument that we just heard from Mr. Kravitz is that Mr. Ellison was converted into a government agent solely because he was motivated to help the police. I think that's wrong, both as a matter of fact, and it's also wrong as a matter of law. Starting with the factual issue, the district court made a factual finding, as Judge Gross referenced, that Mr. Ellison was not motivated to help the police, and that finding is not clearly erroneous. The court found on page 15 of the addendum that there was no evidence, this is a quote, that Mr. Ellison was motivated at the time he took and viewed the USB device to assist law enforcement officers. The court also specifically found that Mr. Ellison seized and searched that device because he was curious, and yes, indeed concerned, about what it was being used to record. What was he curious about? He was curious about what was on that device, so he took it and he looked at it. That is not the same as being motivated to testify. He was asked, before he searched the device, was he thinking about taking it to the police? His answer was no. He just wanted to see what was on it. That was on page 57 of the suppression hearing transcript. Indeed, even after Mr. Ellison found child pornography on the device and became extremely concerned, he genuinely didn't know what to do. Within two days, he had to have two different conversations with his girlfriend, before two days later, he finally decided to call the police. When he called the police, his message was essentially, I found this thing, here's what's on it, I'm looking for guidance because I don't know what to do. I think the record is clear that he was not motivated to help the police, and certainly the district's finding to that effect was not clear error. But on the legal issue, even if Mr. Ellison were motivated to help the police, that fact alone would not make him a government agent. That is because this amendment applies to state action. If the state or the government has no role in something that a private actor does, then he is a private actor. He is not a government agent. I think the Supreme Court really squarely addressed Mr. Kravis' argument in the Coolidge decision which is cited, that case is from 1971, and the court said, it is no part of the policy underlying the 4th and 14th Amendments to discourage citizens from aiding in the apprehension of criminals. And so I think the Supreme Court and this court has never held that if a citizen is performing his civic duty, and that is his sole motivation, and the government plays no role whatsoever in his actions, this court has never held that he becomes a state actor. This court's decisions, when this court... We're losing the audio again, like we did before. I apologize. That's better. In this court's decisions, when this court has considered a private citizen's motive, it has been in cases where the government actually played some role in the warrantless search. So, for example, in the Heibel case and the Smith case, which are both cited in the briefs, in those cases the government at least knew about and in some sense acquiesced in the private search. And there the court considered the citizen's motive and said, well, even if the citizen was motivated in part to help the government or to help the police, and even if the government acquiesced in that help and knew about it, even then that does not convert the private citizen into a government agent. So I think in this case, where the government didn't know in any way and had no role in the state action, Mr. Ellison's motive is irrelevant. But in any case, the factual record shows that he wasn't motivated to help the police. Unless there are questions, I will rest the remainder of our argument on the briefs and ask that Mr. Stevens' sentence and his conviction be affirmed. Very well. Thank you for your argument. Mr. Kravitz, I believe you used your time. You have three seconds left. Would you like to make a short rebuttal? No, Your Honor. I think my legal argument still stands, which is that even if the government is not involved, a private citizen can still be a state actor. Very well. Yes, we appreciate that argument. We appreciate both counsel appearing today. The case is submitted and the court will file an opinion in due course. Thank you. Counsel are excused.